## OLE VIKER v. IVER LIEN.[1]

November 30, 1906.

Nos. 14,901—(79).

Action in the district court for Norman county to recover $5,500 for breach of a contract. The case was tried before Grindeland, J., and a jury, which rendered a verdict in favor of the plaintiff for $725. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

C. A. Nye, for appellant.

F. H. Peterson, for respondent.

PER CURIAM.

Action to recover damages for failure to comply with a contract for the sale of a stock of merchandise, store building and lot. Verdict of $725 for respondent.

The evidence in support of respondent's claim is that on August 26, 1905, appellant entered into a contract with respondent for the sale to him of his stock of merchandise and store building, the cost price to be determined by an inventory; that $10,000 or $15,000, at respondent's election, might run for two years at six per cent., and the balance to be paid in cash on or before November 1, 1905, deferred payments to be evidenced by good bankable paper. Re-

[1]Reported in 109 N. W. 1135.

spondent paid appellant $500 to bind the bargain, and about the first of September the inventory was begun, and completed in five and a half days, finding the cost price of the stock between $34,000 and $35,000. The question then arose as to what constituted "cost price," and what should be considered "bankable paper," and it was agreed to submit these questions to arbitration. Mr. Eckman, a banker at Hendrum, was selected to pass upon the paper, and two other men of Hendrum were chosen to pass upon the question of what constituted cost price. Respondent elected to let $15,000 run for two years at six per cent., and accordingly made his note for that sum dated September 8, 1905, and due November 1, 1907, and also a note for $18,000, due November 1, 1905, submitted the same to Mr. Eckman to pass upon and he decided it was good bankable paper, and the other arbitrators determined the cost price of the property. September 21 respondent submitted the notes, with securities, and Mr. Eckman's opinion, to appellant who examined the notes, and refused to accept them, claiming they were not good bankable paper, whereupon respondent tendered the notes and difference in cash, $2,000, which was refused. Thereafter respondent offered to pay an additional $5,000, reducing the deferred payment to $10,000, and to secure it by a real estate mortgage, but appellant refused to accept the same unless interest was paid on the $10,000 from September 8 to October 6. Respondent was to take possession at the time the notes and securities were delivered, and according to the agreement there was no provision made to pay interest upon such sums as were to be paid on or before November 1, 1905.

There is no merit to appellant's claim that the parties never came to a full agreement. Having agreed to arbitrate the only questions in dispute and the arbitrator having passed upon the paper and pronounced it good bankable paper, there remained nothing except to make the proper tender. That was done, and the tender refused by appellant, and thereupon a right of action accrued to respondent for damages. The subsequent offer of respondent to pay an additional sum in cash and to substitute other securites for the deferred payment did not amount to a new contract or an abandonment of the original. It simply amounted to an effort on his part to meet the demands of appellant, and avoid delay.

The facts at issue were correctly submitted to the jury. There was no error in receiving in evidence Mr. Eckman's decision as to the notes and securities. The suit was not prematurely brought. There was no variance between the pleadings and evidence. Whatever interest Mr. Larson might have in the purchase it was through the purchaser, and he was not a party to the contract of purchase, consequently there was no defect of parties.

No errors. Order affirmed.